JRH DRAFT

## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | **CASE NO.** | 10-B-75924 |
|---|---|---|---|
| **DATE** | December 8, 2011 | **ADVERSARY NO.** | |
| **CASE TITLE** | Jamie Rud, Debtor | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Sterling Federal Bank's Objection to Claim of Homestead Exemption is granted.

■[ For further details see text below.]

## STATEMENT

The Debtor, who filed a petition for protection under Chapter 7 on November 20, 2010, claimed an exemption in his residence in Sandwich, IL, under the Illinois homestead exemption, 735 Ill. Comp. Stat. 5/12-901. Creditor Sterling Federal Bank objected to the claim of exemption on two grounds: first, Sterling argues that the Illinois homestead exemption does not apply to a beneficial interest in a land trust holding title to the land, which was how the Debtor had owned the property since 2007; second, Sterling argues that the Debtor no longer holds even a beneficial interest in the land trust, since the beneficial interest was assigned to Sterling pre-petition.

Because the Debtor admits that his beneficial interest was assigned to Sterling pre-petition, Sterling's objection is granted. The Debtor admits that he assigned his beneficial interest in the land trust on September, 8, 2010, but argues that he can avoid the transfer under Sections 522(h) and 522(g) as a preferential transfer

1 of 2

because it occurred within 90 days prepetition, and because it was an involuntary transfer pursuant to court order. Even if that is so, he has not yet attempted to do so, and a response to an objection to claim is not the proper vehicle to attempt to avoid a transfer. Under Bankruptcy Rule 7001, a proceeding to avoid a preferential transfer must be commenced as an adversary proceeding. As of this moment, the Debtor does not dispute that he has no current interest in either the land or the land trust in which to claim a proper exemption. If the Debtor feels he is entitled to avoid the transfer, he can initiate a proper proceeding under Section 522(h), and the Court can address the issue of whether the Illinois homestead exemption applies to beneficial interests in land trusts at that time and in that context. Currently, the issue is premature.

For the foregoing reasons, Sterling's objection to claim of exemption is granted. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

December 9, 2011

_____
Judge Manuel Barbosa

# CERTIFICATE OF MAILING

The undersigned hereby certifies that the attached Memorandum Opinion has been served via First Class Mail on December 09, 2011.

**Bernard J Natale**
Law Office of Bernard J. Natale, Ltd.
6833 Stalter Drive
Suite 201
Rockford, IL 61108

**Paul A Osborn**
Ward, Murray, Pace & Johnson, P.C.
202 East Fifth Street
Sterling, IL 61081

_Kimberly Conrad_
Kimberly Conrad, Judicial Assistant